**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| JOHN S. CHINIAN ) | Chapter 7 |
| SALLY E. CHINIAN ) | Case No. 09-45552-JBR |
| ) | |
| Debtors ) | |

**UNITED STATES TRUSTEE'S MOTION TO**
**DISMISS CASE PURSUANT TO 11 U.S.C. § 707(b)(2) and TO EXTEND TIME TO OBJECT TO DISCHARGE PURSUANT TO 11 U.S.C. § 727 AND MOVE TO DISMISS CASE PURSUANT TO 11 U.S.C. §707(b)(3)**

The United States Trustee ("UST") moves, pursuant to 11 U.S.C. § 707(b)(2), this Court to enter an order dismissing the case of John S. Chinian and Sally E. Chinian (together, the "Debtors") and requests that the Court extend the time within which the UST may file an objection to discharge pursuant to 11 U.S.C. § 727 or move to dismiss the case pursuant to 11 U.S.C. § 707(b)(3). In support of this motion, the UST states as follows:

1. The Debtors filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on December 30, 2009. Subsequently, the Debtor filed schedules and statements on January 14, 2010.

2. David M. Nickless, Esq. was appointed as the Chapter 7 trustee in this case.

3. The matters set forth herein constitute a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4.  On February 11, 2010, the UST filed a statement that the UST had reviewed the materials filed by the Debtor and had determines that the Debtor's case is presumed to be an abuse under Section 707(b). The deadline for filing a motion to dismiss pursuant to § 707(b)(2) is March 15, 2010. The deadline for filing a motion to dismiss pursuant to § 707(b)(3) or to object to the Debtors' discharge pursuant to § 727 is April 2, 2010.

5.  The Debtors checked the box on their Statement of Current Monthly Income and Means Test Calculation (the "Means Test Form") which states that the presumption of abuse does not arise. The UST has undertaken an analysis of the Means Test Form, and believes that the presumption of abuse does indeed arise in this case. A copy of a comparison of the Debtors' means test calculations and the UST's calculations is attached to this motion as "<u>Exhibit A</u>."

### Calculation of Monthly Income

6.  The Debtors report on line 3 of the of the Means Test Form gross monthly wages of **$9,513.02**, gross monthly spousal income of **$25.50** in wages, and **$813.59** in line 11 income from other sources. The Debtors report total current monthly income ("CMI") of **$10,352.11** (line 12, Means Test Form). In turn, the Debtors report, on line 13, an <u>annualized</u> CMI of **$124,225.32**. The UST, after review of the Debtors' earnings statements, adjust these figures as follows: the UST increases Mr. Chinian's CMI to $9,586.76 and increase Debtors' annualized CMI to **$125,110.20**.[1]

---

[1] The UST reserves the right to further adjust the Debtors' income figures. The UST has been unable to analyze all of Mr. Chinian's relevant earning statements, as the Debtors did not make a complete production of those statements.

**Application of 707(b)(7) Exclusion**

7.  On line 14 of the Means Test Form, the Debtors' states that their household size is "4." The applicable state median family income for a household of 4 is **$99,648**. The Debtors' income exceeds the median family income by approximately **$25,462.20** and the 707(b)(7) exclusion does not apply.

**Deductions under Standards of the Internal Revenue Service**

8.  The UST believes that certain adjustments to the Debtors' enumerated deductions are appropriate. These adjustments include the following:

(a)  The UST reduces the Debtors' claimed vehicle ownership expense of $489 on line 24c to $326.90 because the Debtors failed to subtract monthly secured payments from the ownership allowance.

(b)  The UST reduces the Debtors' claimed line 32 telecommunication services expense of $350 to $200, as the Debtors have not demonstrated that they actually pay this amount for telecommunication services other than basic home telephone and cell phone service.

(c)  The aforementioned adjustments lead to total expenses allowed IRS standards of $6,892.57 (versus the $7,227.12 listed by the Debtor).

**Additional Expense Deductions under § 707(b)**

9. The UST eliminates the Debtors' claimed additional food and clothing expense listed on line 39 because the Debtors have not demonstrated that the additional amount claimed is reasonable and necessary. The UST does not challenge at this time the remaining additional expense deductions claimed by the Debtors, but reserves the right to do so if and when appropriate.

**Deductions for Debt Payment**

10. The UST adjusts the Debtors' debt payment deductions as follows:

(a) The UST reduces the Debtors monthly deduction for secured payment on one of the two mortgages listed by the Debtors. The Debtors have yet to produce to the UST their secured loan documentation, but on information and belief, the Debtors have one mortgage for a 20 year, $120,000 loan at 5% rate of interest. The UST calculates that the monthly payment for such a loan would be $791.95 (versus the $1,392 listed by the Debtors).

(b) The UST credits the Debtors with a monthly deduction for Chapter 13 administrative fees in the amount of $88.19, which was not claimed by the Debtors.

(c) The aforementioned adjustments lead to total deductions for Debt Payment of $2,411.44 (versus the $2,928.46 listed by the Debtors).

**Total Deductions Allowed Under § 707(b)(2)**

11.     Using the UST's above recited figures and adding lines 33, 41 and 46 of the Means Test Form, the Debtors' total allowed deductions amount to $9,632.11 (versus the $10,533.68 listed by the Debtors).

**Determination of § 707(b)(2) Presumption**

12.     After subtracting the Debtors' deductions of $9,632.11 from their CMI of $10,425.85, there remains **$793.74** of monthly disposable income.  This income, multiplied by 60 months, equals **$47,624.40**.

13.     The Debtors are individual debtors under Chapter 7 whose debts are primarily consumer in nature.  The Debtors have scheduled, on Schedule F of the Petition, general unsecured debt in the amount of **$205,713.88.**

**The Presumption Arises**

14.     Section 707(b)(2)(A)(i) provides in pertinent part:

> . . . the court shall presume abuse exists if
> the debtor's current monthly income reduced by
> [certain deductions] and multiplied by 60 is not less than
> the lesser of—
> > (I) 25 percent of the debtor's nonpriority unsecured
> > claims in the case, or $6,575, whichever is greater; or
> > (II) $10,950.

15.     Under the above cited provision, the Court must presume that the granting of a chapter 7 discharge in a case is abusive if the debtor has monthly disposable income of more than $182.50 or $10,950 over 60 months.

16.     In the instant case, the presumption of abuse arises.  The UST's Means Test calculations reveal that the Debtors' monthly disposable income is approximately **$793.74**, or **$47,624.40** over 60 months.  Accordingly, the presumption of abuse arises, and the Debtors' case should be dismissed.

17.     The UST's analysis of this case to date has led to the conclusion that a motion to dismiss Debtor's case pursuant to 707(b)(2) is the appropriate action to take.  However, should the Court not dismiss the case as requested herein, the UST further requests that the Court extend the deadline for objecting to discharge pursuant to 11 U.S.C. § 727 and to file a motion to dismiss pursuant to 11 U.S.C. § 707(b)(3), by approximately ninety (90) days from date of the disposition of the instant motion.  As cause therefore, the UST states that the Debtor has failed to produce documents as requested and the UST must now formalize her discovery requests.  As part of this formalization, the UST is filing a motion for authority to conduct a 2004 examination.  In addition, the UST is attempting to obtain credit card statements directly from the credit card firms.  The UST notes that the Chapter 7 trustee has requested an extension of the objection deadline in order to complete his investigation into the Debtors financial affairs, and that extension has been granted.

**WHEREFORE**, the United States Trustee prays that this Court (i) enter an order dismissing this case pursuant to 11 U.S.C. § 707(b)(2); (ii) extend the time for the United States Trustee to object to discharge pursuant to 11 U.S.C. § 727 and to move to dismiss pursuant to 11 U.S.C. § 707(b)(3) for 90 days from the date of the Court's order on the instant motion; and (iii) grant such other relief as is right and just.

**Respectfully submitted,**

**John P. Fitzgerald, III**
**Acting United States Trustee, Region 1**


**By:    /s/ Lisa D. Tingue**
**Lisa D. Tingue (BBO#633275)**
**Trial Attorney**
**United States Department of Justice**
**Office of the United States Trustee**
**446 Main Street, 14th Floor**
**Worcester, MA 01608**
**Tel:(508) 793-0555**
**Fax:(508) 793-0558**

**Date: March 15, 2010**         lisa.d.tingue@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the above United States Trustee's Motion to Dismiss Case Pursuant to 11 U.S.C.§ 707(b)(2) and to Extend Time to Object to Discharge Pursuant to U.S.C. § 727 and to move to Dismiss Pursuant to 11 U.S.C. § 707(b)(3) was served via first class mail and/or ECF on the parties listed..

|  |  |
|---|---|
|  | /s/ Lisa D. Tingue |
| Date: March 15, 2010 | Lisa D. Tingue |

| | |
|---|---|
| Carl D. Aframe, Esq.<br>108 Grove Street, Suite 2<br>Worcester, MA 01605 | Counsel to the Debtor |
| David M. Nickless, Esq.<br>Nickless & Phillips<br>625 Main Street<br>Fitchburg, MA 01420 | Chapter 7 trustee |

**EXHIBIT "A"**

**Form 22A (Chapter 7)(12/08)**

In re: **Chinian**
           Debtor(s)

Case Number: **09-45552-JBR**
              (If Known)

According to the information required to be entered on this statement (check one box as directed in Part I, III, or IV of this statement):

- ☒ **The presumption arises.**
- ☐ **The presumption does not arise.**
- ☐ **The presumption is temporarily inapplicable**

# STATEMENT OF CURRENT MONTHLY INCOME AND MEANS TEST CALCULATION
For Use in Chapter 7 Only

In addition to Schedules I & J, this statement must be completed by every individual chapter 7 debtor, whether or not filing jointly. Unless the exclusion in Line 1C applies, joint debtors may complete a single statement. If the exclusion in Line 1C applies, each joint filer must complete a separate statement.

## Part I. MILITARY AND NON-CONSUMER DEBTORS

**1A** **Disabled Veterans.** If you are a disabled veteran described in the Declaration in this Part IA, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.

☐ **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity( as defined in 32 U.S.C. § 901(1)).

**1B** **Non-consumer Debtors.** If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.

☐ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts.

**1C** **Reservists and National Guard Members; active duty or homeland defense activity.** Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity ( as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter ( the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII.

**During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before before your exclusion period ends.**

☐ **Declaration of Reservists and National Guard Members.** By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because , as a member of a reserve component of the Armed Forces or the National Guard

    a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and
        ☐ I remain on active duty /or/
        ☐ I was released from active duty on _____, which is less than 540 days
    before this bankruptcy case was filed.
        OR
    b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/
        ☐ I performed homeland defense activity for a period of at least 90 days, terminating on
    _____, which is less than 450 days before this bankruptcy case was filed.

## Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION

**2** **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.

a. ☐ Unmarried. **Complete only Column A ("Debtor's Income) for Lines 3-11.**

b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only Column A ("Debtor's Income") for Lines 3-11.**

c. ☐ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.**

d. ☒ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B (Spouse's Income") for Lines 3-11.**

| | **COMPARISON OF DEBTORS' AND U.S. TRUSTEE'S AMOUNTS** | | | | **DEBTOR** | | **UST** | |
|---|---|---|---|---|---|---|---|---|
| | | | | | **Column A** Debtors Income | **Column B** Spouse's Income | **Column A** Debtors Income | **Column B** Spouse's Income |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | | | | | | | |
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | | | | $ 9,513.02 | $ 25.50 | $ 9,586.76 | $ 25.50 |
| 4 | **Income from the operation of a business, profession or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part V.** | | | | | | | |
| | a. | Gross receipts | $ - | $ - | | | | |
| | b. | Ordinary and necessary business expenses | $ - | $ - | | | | |
| | c. | Business income | Subtract Line b from Line a | | $ - | $ - | $ - | $ - |
| 5 | **Rent and other real property income.** Subtract Line b from Line a and enter the difference on the appropriate column(s) of Line 5. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.** | | | | | | | |
| | a. | Gross receipts | $ - | $ - | | | | |
| | b. | Ordinary and necessary operating expenses | $ - | $ - | | | | |
| | c. | Rent and other real property income | Subtract Line b from Line a | | $ - | $ - | $ - | $ - |
| 6 | **Interest, dividends, and royalties.** | | | | $ - | $ - | $ - | $ - |
| 7 | **Pension and retirement income.** | | | | $ - | $ - | $ - | $ - |
| 8 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include any alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed. | | | | $ - | $ - | $ - | $ - |
| | | | | | **DEBTOR** | | **UST** | |
| 9 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9. However if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below. | | | | | | | |
| | Unemployment compensation claimed to be a benefit under the Social Security Act. | | Debtor $ - | Spouse $ - | $ - | $ - | $ - | $ - |
| 10 | **Income from all other sources.** Specify the source and amount. If necessary, list additional sources on a separate page. **Do not include alimony or separate maintenance payments paid your spouse if Column B is completed, but include all other payments for alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | | | | | | |
| | a. | Daughter (Rachel) | | $ 621.92 | | | | |
| | b. | Daughter (Rebecca) | | $ 191.67 | | | | |
| | Total and enter on Line 10 | | | | $ 813.59 | $ - | $ 813.59 | $ - |
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add lines 3 through 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | | | | $ 10,326.61 | $ 25.50 | $ 10,400.35 | $ 25.50 |
| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11 of Column A to Line 11 of Column B and enter the total. If Column B has not been completed, enter the amount from Line 11 of Column A. | | | | | $ 10,352.11 | | $ 10,425.85 |

| | **Part III. APPLICATION OF § 707(b)(7) EXCLUSION** | **DEBTOR** | **UST** |
|---|---|---|---|
| 13 | **Annualized Current Monthly Income for 707(b)(7).** Multiply the amount from Line 12 by the number 12 and enter the result. | $ 124,225.32 | $ 125,110.20 |
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). | | **UST** |
| | a. Enter debtor's state of residence: **MA**   b. Enter debtor's household size: **4** | $ 99,648.00   $ 99,648.00 | **4** |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed. | | |
| | **The amount on Line 13 is less than or equal to the amount on Line 14.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI, or VII. | | |
| | **The amount on Line 13 is more than the amount on Line 14.** Complete the remaining parts of this statement. | **CONTINUE** | **CONTINUE** |

**Complete Parts IV, V, VI, and VII of this statement only if required (See Line 15.)**

| | Part IV. CALCULATION OF CURRENTLY MONTHLY INCOME FOR § 707(b)(2) | | | **DEBTOR** | **UST** |
|---|---|---|---|---|---|
| 16 | Enter the amount from Line 12. | | | $ 10,352.11 | $ 10,425.85 |
| | | | | **DEBTOR** | **UST** |
| 17 | **Marital adjustments.** If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero. | | | | |
| | a. | | $      - | $      - | |
| | b. | | $      - | $      - | |
| | c. | | $      - | $      - | |
| | Total and enter on Line 17. | | | $      - | $      - |
| 18 | **Current monthly income for § 707(b)(2).** Subtract Line 17 from Line 16 and enter the result. | | | $ 10,352.11 | $ 10,425.85 |
| | **Part V. CALCULATION OF DEDUCTIONS FROM INCOME** | | | **DEBTOR** | **UST** |
| | **Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)** | | | | |
| 19A | **National Standards: food, clothing, and other items.** Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | | | $ 1,370.00 | $ 1,370.00 |
| 19B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the number of members of your household who are under 65 years of age and enter in Line b2 the number of members of your household who are 65 years of age or older. (The total number of household members must be the same as the number stated in Line 14b.) Multiply Line a1 by Line b1 to obtain a total amount for household members under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for household members 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. | | | | |

| | Household members under 65 years of age | | | Household members 65 years of age or older | | | | | UST AMOUNTS (Under65 / 65&Over) | |
|---|---|---|---|---|---|---|---|---|---|---|
| a1. | Allowance per member | | $ 60.00 | a2. | Allowance per member | | $ 144.00 | | $ 60.00 | $ 144.00 |
| b1. | Number of members | | 4 | b2. | Number of members | | 0 | | 4 | 0 |
| c1. | Subtotal | | $ 240.00 | c1. | Subtotal | | $ - | $ 240.00 | $ 240.00 | $ 240.00 | $ - |

| | | | | **DEBTOR** | **UST** |
|---|---|---|---|---|---|
| 20A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | | | $ 605.00 | $ 605.00 |
| 20B | **Local Standards: housing and utilities; mortgage/rent expense**. Enter in Line a below the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and household size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** | | | | **UST** |
| | a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ 1,385.00 | | $ 1,385.00 |
| | b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $ 2,928.46 | | $ 2,138.73 |
| | c. | Net mortgage/rental expense | Subtract Line b from Line a. | $ - | $ - |
| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | | | | |
| | | | | $ - | $ - |
| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation. Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8. ☐ 0  ☐ 1  ☒ 2 or more | | | | |
| | If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount for IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | | | $ 450.00 | $ 450.00 |

| | | | | **DEBTOR** | **UST** | |
|---|---|---|---|---:|---:|---|
| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 22B the "Public transportation" amount from IRS Local Standards: Transportation. (This amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.**)** | | | $ - | $ - | |
| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)  ☐ 1   ☑ 2 or more  <br><br>Enter in Line a below the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** | | | | | **UST** |
| | a. | IRS Transportation Standards, Ownership Costs | $ 489.00 | | | $ 489.00 |
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | $ - | | | $ 22.45 |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $ 489.00 | $ 466.55 | |
| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this line only if you checked the "2 or more" Box in Line 23. <br>Enter in Line a below the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.** | | | | | **UST** |
| | a. | IRS Transportation Standards, Ownership Costs | $ 489.00 | | | $ 489.00 |
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | | | | $ 162.10 |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | $ 489.00 | $ 326.90 | |
| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes**. | | | $ 1,599.23 | $ 1,599.23 | |
| 26 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | | | $ 1,061.43 | $ 1,061.43 | |
| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | | | $ 573.46 | $ 573.46 | |
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to order of the court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 44.** | | | $ - | $ - | |
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | | | $ - | $ - | |
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare, such as baby-sitting, day care, nursery and preschool.   **Do not include other educational payments.** | | | $ - | | |
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | | | $ - | $ - | |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service -- such as pagers, call waiting, caller id, special long distance, or internet service -- to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | | | $ 350.00 | $ 200.00 | |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | | | $ 7,227.12 | $ 6,892.57 | |
| | **Subpart B: Additional Living Expense Deductions** <br>**Note: Do not include any expenses that you have listed in Lines 19-32** | | | **DEBTOR** | **UST** | |
| 34 | **Health Insurance, Disability Insurance and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. | | | | | **UST** |
| | a. | Health Insurance | $ 254.47 | | | $ 254.47 |
| | b. | Disability Insurance | $ 73.63 | | | $ 73.63 |
| | c. | Health Savings Account | $ - | | | $ - |
| | | | Total and enter on Line 34 | Total $ 328.10 | $ 328.10 | |
| | If you do not actually expend this total amount, state your actual total average monthly expenditures in the space below: <br>$ - | | | | | |

| | | | | **DEBTOR** | **UST** | |
|---|---|---|---|---|---|---|
| 35 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | | | $ - | $ - | |
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | | | $ - | $ - | |
| 37 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by the IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | | | $ - | $ - | |
| 38 | **Education expenses for dependent children less than 18.** Enter the total average monthly expenses that you actually incur, not to exceed $137.50 per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards**. | | | $ - | $ - | |
| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | | | $ 50.00 | | |
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | | | | | |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40. | | | $ 378.10 | $ 328.10 | |
| | **Subpart C:  Deductions for Debt Payment** | | | **DEBTOR** | **UST** | |
| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42. | | | | | **UST AMOUNTS** 60-mo avg. payment |
| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes and insurance? | | |
| a. | ICFCU | Vehicle | $ 22.45 | ☐ Yes ☐ No | | $ 22.45 |
| b. | Santander | Vehicle | $ 167.26 | ☐ Yes ☐ No | | $ 162.10 |
| c. | WCU | Mortgage | $ 1,346.75 | ☐ Yes ☐ No | | $ 1,346.75 |
| d. | WCU | Mortgage | $ 1,392.00 | ☐ Yes ☐ No | | $ 791.95 |
| e. | | | $ - | ☐ Yes ☐ No | | $ - |
| | | | Total:  Add lines a thru e | $ 2,928.46 | $ 2,323.25 | |
| 43 | **Other payments on secured claims.** If any of the debts in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property.  The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure.  List and total any such amounts in the following chart.  If necessary, list additional entries on a separate page. | | | | | **UST AMOUNTS** 1/60th of cure amount |
| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount | | | |
| a. | | | | | | $ - |
| b. | | | $ - | | | $ - |
| c. | | | $ - | | | $ - |
| | | | Total: Add Lines a, b and c | $ - | | |
| 44 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 28.** | | | $ - | $ - | |
| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under chapter 13, complete the the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | | | | | **UST- CH 13 FEE ADMIN EXPENSE** |
| a. | Projected average monthly chapter 13 plan payment. | | | | | $ 881.93 |
| b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | | 10.0% | | | 10.0% |
| c. | Average monthly administrative expense of chapter 13 case | | $ - | $ - | $ 88.19 | $ 88.19 |
| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45 | | | $ 2,928.46 | $ 2,411.44 | |

| | Subpart D: Total Deductions from Income | DEBTOR | UST |
|---|---|---|---|
| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | $ 10,533.68 | $ 9,632.11 |

| | **Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION** | DEBTOR | UST |
|---|---|---|---|
| 48 | Enter the amount from Line 18 (Current monthly income for § 707(b)(2)) | $ 10,352.11 | $ 10,425.85 |
| 49 | Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2)) | $ 10,533.68 | $ 9,632.11 |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result | $ (181.57) | $ 793.74 |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ (10,894.20) | $ 47,624.40 |
| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.<br>☒ **The amount on Line 51 is less than $6,575.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br>☐ **The amount set forth on Line 51 is more than $10,950.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br>☐ **The amount on Line 51 is at least $6,575, but not more than $10,950.** Complete the remainder of Part VI. (Lines 53 through 55). | | |
| 53 | Enter the amount of your total non-priority unsecured debt | $ - | $ - |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | $ - | $ - |
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed.<br>☐ **The amount on Line 51 is less than the amount on Line 54.** Check the box for "**The presumption does not arise**" at the top of page 1 of this statement, and complete the verification in Part VIII.<br>☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the box for "**The presumption arises**" at the top of this statement, and complete the verification in Part VIII. You may also complete Part VII. | | |

| | **Part VII: Additional Expense Claims** | | |
|---|---|---|---|
| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. | | |
| | Expense Description | Monthly Amount | |
| | a. | $ - | |
| | b. | $ - | |
| | c. | $ - | |
| | Total: Add Lines a,b and c | $ - | |

| | **Part VIII: VERIFICATION** | |
|---|---|---|
| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case both debtors must sign.)*<br><br>Date: _____  Signature: _____<br>                                                          (Debtor)<br><br>Date: _____  Signature: _____<br>                                                          (Joint Debtor, if any) | |